# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Hawk,                             :
                Petitioner       :
                                 :
               v.               :  No. 1543 C.D. 2013
                                 :  SUBMITTED:  March 21, 2014
Unemployment Compensation Board           :
of Review,                                :
                Respondent       :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                    **FILED:  August 1, 2014**


        William Hawk (Claimant), proceeding *pro se*, petitions for review of the order of the Unemployment Compensation Board (Board) that affirmed the referee's decision (1) denying him emergency unemployment compensation (EUC) benefits pursuant to Section 4001(b) of the Emergency Unemployment Compensation Act of 2008 (EUC Act)[1] and (2) finding a non-fraud overpayment of benefits subject to recoupment.  Because the Board's decision is supported by the evidence in the record, we affirm.

        On September 28, 2012, Claimant filed a claim for EUC benefits. Based on his previous application for unemployment benefits filed on January 1,

---

[1] Title IV of the Supplemental Appropriations Act of 2008, P.L. 110-252, 122 Stat. 2353. The provisions of the EUC Act are found in the Note to 26 U.S.C. § 3304.

2012, his weekly benefit rate was established at $573. The Erie UC Service Center determined that he was ineligible for EUC benefits for the week ending November 17, 2012 through the week ending December 22, 2012 under Section 4001(b) of the EUC Act because he was eligible to receive regular unemployment benefits in New York. In a separate determination, the Service Center assessed a non-fraud overpayment of benefits in the amount of $3,438 (his weekly benefit rate of $573 x 6 weeks). Claimant appealed the Service Center's determinations.

On appeal, the referee scheduled a hearing by telephone and instructed the parties to contact the referee's office before the scheduled hearing if their telephone numbers listed on the hearing notice were incorrect, or they were not listed. Because Claimant, whose telephone number was not listed on the hearing notice, failed to contact the referee's office, the referee held a hearing without his participation. Based on the testimony of the Erie UC Service Center's claims examiner, Alicia Matthews, and the documents in the record, the referee affirmed the UC Service Center's determinations. The referee found that Claimant was ineligible to receive EUC benefits beginning the week ending November 17, 2012 because he was entitled to receive regular unemployment benefits in New York. The Board adopted and incorporated the referee's findings and conclusions and affirmed the denial of EUC benefits. Claimant's appeal to this Court followed.[2]

Under Section 4001(b) of the EUC Act, EUC benefits are payable to individuals who:

(1) have exhausted all rights to regular unemployment

---

[2] This Court's review in this appeal is limited to determining whether necessary findings of fact are supported by substantial evidence. *Chamberlain v. Unemployment Comp. Bd. of Review*, 83 A.3d 283, 286 n.5 (Pa. Cmwlth. 2014).

compensation under the State law or under Federal law with respect to a benefit year …;

(2) have no rights to regular compensation with respect to a week under such law or any other State unemployment compensation law or to compensation under any other Federal law;

(3) are not receiving compensation with respect to such week under the unemployment compensation law of Canada; and

(4) are able to work, available to work, and actively seeking work.

The terms and conditions of the state law governing regular compensation claims apply to EUC claims. Section 4001(d)(2) of the EUC Act.

Claimant admits that he worked in New York until the "job was finished" on November 15, 2012. Claimant's Amended Brief at 6. He does not dispute the Board's finding that he was eligible to receive regular unemployment benefits in New York beginning the week ending November 17, 2012. The Board's unchallenged findings are conclusive on appeal. *Munski v. Unemployment Comp. Bd. of Review*, 29 A.3d 133, 137 (Pa. Cmwlth. 2011). As he concedes, he received regular unemployment compensation in New York after he became unemployed in November 2012. The record thus establishes that he was ineligible for EUC benefits under Section 4001(b) of the EUC Act.

Individuals who have received EUC benefits to which they are not entitled must repay the amount of such benefits to the state agency, unless the state agency waives repayment based on determinations that benefit payments were made with no fault of the individuals and that repayment would be contrary to equity and good conscience. Section 4005(b) of the EUC Act. Under Section 804(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(b)(1), any person

3

who, without fault of his or her own, has received any sum as compensation, to which he or she was not entitled, "shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year …."

Claimant insists that there was no overpayment of EUC benefits to be repaid. He asserts that the representatives of the Pennsylvania Office of UC Benefits told him that unemployment compensation funds were available from New York, and that the Office of UC Benefits sent funds to New York unemployment office while claiming that it did not have funds. He claims that the representatives of the Office of UC Benefits were misled, overworked or did not know unemployment compensation issues. Claimant's assertions concern the internal processes of his interstate claim by the unemployment offices of Pennsylvania and New York, which are irrelevant to his eligibility for EUC benefits or the assessment of the non-fault overpayment. Because he received EUC benefits to which he was not entitled, he must repay them pursuant to Section 4005(b) of the EUC Act and Section 804(b)(1) of the Unemployment Compensation Law.[3]

Accordingly, we affirm the Board's order.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

---

[3] As the Board states, Claimant "should be entitled to an offset of the overpayment for the amount that he was entitled to receive from New York." Board's Brief at 7.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Hawk,                          :
                    Petitioner         :
                                       :
            v.                         :   No. 1543 C.D. 2013
                                       :
Unemployment Compensation Board        :
of Review,                             :
                    Respondent         :

# **O R D E R**

AND NOW, this 1st day of August, 2014, the order of the Unemployment Compensation Board of Review in the above-captioned matter is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge